1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney

2

3  THOMAS A. COLTHURST (CABN 99493)
   Chief, Criminal Division

4  BENJAMIN K. KLEINMAN (NYBN 5358189)
   ALEXIS J. JAMES (NYBN 5603865)

5  Assistant United States Attorneys

6      1301 Clay Street, Suite 340S
       Oakland, California 94612

7      Telephone: (510) 637-3680
       FAX: (510) 637-3724

8      benjamin.kleinman2@usdoj.gov
       alexis.james@usdoj.gov

9

10 Attorneys for United States of America

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13                   OAKLAND DIVISION

14 UNITED STATES OF AMERICA,          )   **CASE NO. 4:21-cr-00250-001 YGR**
                                      )                **4:22-cr-00178-001 YGR**
15            Plaintiff,              )
                                      )
16     v.                            )   **UNITED STATES' SENTENCING**
                                      )   **MEMORANDUM**
17 YENY LIZETH FERNANDEZ-REYES,       )
                                      )
18            Defendant.              )   Hearing Date: June 29, 2023
                                      )0  Time:  9:00 a.m.
19                                    )   Judge:  Hon. Yvonne Gonzalez Rogers
                                      )
20 _____   )

21 **I.    INTRODUCTION**

22         The government respectfully submits this sentencing memorandum recommending a below

23 guidelines sentence of 30 months' imprisonment on both 4:21-cr-00250 YGR and 4:22-cr-00178 YGR.[1]

24 The government further recommends that the sentences run concurrently.  The defendant, Yeny Lizeth

25 Fernandez-Reyes, trafficked fentanyl throughout the Bay Area, and now stands before the Court with

26 two federal drug trafficking convictions for possession with intent to distribute fentanyl.  Additionally,

27 _____

28         [1] This calculation assumes the Court accepts the two-level departure for a group disposition, which lowers the
   offense level to 21.

   UNITED STATES' SENTENCING MEMORANDUM   1
   4:21-cr-00250 YGR & 4:22-cr-00178 YGR

the defendant absconded while on pretrial release.  However, these two cases are also the defendant's first criminal convictions, she has a zero-point criminal history score, and is safety-valve eligible.  It is the government's position that the defendant has satisfied the prerequisites for safety-valve eligibility.

## II.      DISCUSSION

### A.      Applicable Law

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2).  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines.  *Id*.  After determining the appropriate Guidelines calculations, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a).  *Carty*, 520 F.3d at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

> (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2)    the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (3)    the need for the sentence imposed to afford adequate deterrence to criminal conduct;
>
> (4)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;
>
> (5)    the need to provide restitution to any victims of the offense.

### B.      The Government's Recommendation Is Sufficient But Not Greater Than Necessary

Assuming the Court accepts the two-level departure for the group disposition in 4:22-cr-00178 YGR, the defendant's total offense level is 21, her criminal history score is I, and her Guidelines range is 37 to 46 months' imprisonment.  The government's below guidelines recommendation of 30 months' imprisonment takes into account the seriousness of the defendant conduct, including that she continued to sell fentanyl while facing federal charges, while also balancing the fact that this is the defendant's

first criminal convictions.

To date, neither state nor federal arrests have deterred the defendant. The defendant was arrested in San Francisco for dealing drugs by local law enforcement on May 20, August 3, September 17, September 30, October 28, November 20, and December 17, 2020, and arrested in Hayward on February 2, 2021, for a theft. *See* PSR ¶ 14-20. By the end of 2020, the defendant accumulated three pending state court cases related to narcotics trafficking. *See* PSR ¶ 58-61. On January 15, 2021, a six-count Indictment was filed in the Northern District of California, charging the defendant with one count of distribution of heroin, and five counts of possession with intent to distribute fentanyl in 4:21-cr-00250 YGR. *See* PSR ¶ 1. The defendant was arrested on the above-mentioned federal charges and arraigned on February 16, 2021. *See* PSR ¶ 4.

Despite the pending federal case, the defendant remained undeterred. On May 3, 2021, the defendant proffered with the government in connection with the above-mentioned federal case. Disturbingly, two days after the defendant's proffer with the United States Attorney's Office, her communications with Javier Castro Banegas-Medina were intercepted, wherein she ordered "yellow" fentanyl. *See* PSR ¶ 29. An analysis of the wire intercepts revealed that the defendant's order on May 5, 2021, was not the first time in that weeklong period that she purchased fentanyl. On April 30, 2021, she ordered two ounces of green fentanyl, one ounce of purple fentanyl, and two ounces of yellow fentanyl. *See* PSR ¶ 28. Moreover, on May 10, 2021, the defendant's co-conspirator was stopped with over 400 grams of fentanyl, at least 200 grams (but less than 400 grams of which) were attributable to the defendant by her own admission. *See* PSR ¶ 34. Worse still, on May 25, 2021, the defendant learned she had a warrant out for her arrest based on the above-mentioned conduct and absconded from her initial federal case and her multiple pending state cases. The defendant remained at large for nearly a year until she was arrested for a for driving while under the influence of alcohol on March 13, 2022. *See* PSR ¶ 61.

However, these are the defendant's first criminal convictions. Additionally, the defendant has experienced abuse and trauma, which undoubtably affects her decision making. *See* PSR ¶ 73. Therefore, the government's recommended sentence is appropriate when considering the sentencing factors set forth in 18 U.S.C. § 3553(a); the recommendation reflects the nature and circumstances of the

offenses, namely that the defendant continued to deal fentanyl despite numerous contacts with both federal and local law enforcement, and the history and characteristics of the defendant, including the abuse she experienced and the fact that these are her first convictions.  The government further believes that 30 months' imprisonment reflects adequate deterrence in that it sends a clear message that dealing narcotics will be punished and promotes just punishment and respect for the law.

## III.    CONCLUSION

With full consideration of all the sentencing factors set forth in 18 U.S.C. § 3553(a), the United States respectfully recommends a below Guidelines sentence of 30 months' imprisonment to be followed by three years' supervised release both of which to run concurrent, and a $200 special assessment ($100 for each of the two counts).


DATED:  June 22, 2023                                Respectfully submitted,


                                                     ISMAIL J. RAMSEY
                                                     United States Attorney

                                                     */s/ Benjamin K. Kleinman*
                                                     BENJAMIN K. KLEINMAN
                                                     ALEXIS J. JAMES
                                                     Assistant United States Attorneys